**Jose Rodolfo MAGANA–
PENA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 10–72595.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 13, 2011.

John Martin Pope, Benjamin Wiesinger, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

OIL, Tracey McDonald, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of

Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

MEMORANDUM **

Jose Rodolfo Magana–Pena, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Padilla–Romero v. Holder,* 611 F.3d 1011, 1012 (9th Cir.2010) (per curiam). We grant the petition for review and remand.

The BIA erred in finding that Magana–Pena's conviction for second-degree burglary under Arizona Revised Statutes § 13–1507 is a "burglary offense" aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(G), under the modified categorical approach where the language contained in the indictment is insufficient to narrow the statute to the generic crime. *See Rebilas v. Mukasey,* 527 F.3d 783, 787 (9th Cir.2008); *United States v. Bonat,* 106 F.3d 1472, 1475 (9th Cir.1997) (holding that Arizona courts expanded the statute beyond the definition of generic burglary "because they have interpreted the statute to allow a conviction even if the intent to commit the crime was formed after entering the structure and/or the entry was privileged"). The government therefore did not meet its burden of establishing

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Magana–Pena's removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

Because Magana–Pena remains removable under 8 U.S.C. § 1227(a)(2)(B)(i), we remand to the agency to determine whether he is eligible for relief from removal.

**PETITION FOR REVIEW GRANTED; REMANDED.**